UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STACY ROSA, )<br>)<br>Defendant. ) | Case No. 4:05CR349 CEJ |

## ORDER REGARDING CONDITIONS OF PRETRIAL RELEASE

This matter is before the Court on the Petition of the Pretrial Services Office (PSO) for revocation of Defendant's bond (Doc. #22), and the government's motion to revoke Defendant's bond (Doc. #24). Defendant is charged by indictment, and was released on June 28, 2005 on a $10,000 unsecured bond, which included other conditions of release, including mental health counseling and drug treatment and testing. Based in part on Defendant's failure to comply with the program of mental health and substance abuse counseling, Defendant's conditions of pretrial release were thereafter modified, on August 9, 2005, to require Defendant to participate in the residential program at Metropolitan Employment & Rehabilitation Services ("MERS'). (Doc. No. 21).

Prior to the modification of Defendant's bond, however, Defense counsel reported that Defendant's mental health conditions appeared to be deteriorating, and an Order was entered on July 27, 2005, for a private examination to determine Defendant's mental competency. (Doc. No. 19). Pending completion of the examination, a further petition for action on conditions of pretrial release was filed alleging numerous violations alleged to have occurred while Defendant was at MERS. These alleged violations occurred after

the suggestion by defense counsel Defendant's mental health condition had deteriorated. Based on the alleged violations, the government filed a motion to revoke Defendant's bond and a motion for a custodial psychiatric examination. (Doc. Nos. 24 & 25). At this time, the report related to the private mental health examination had not yet been completed. On September 22, 2005, Magistrate Judge Mary Ann Medler granted the government's motion that Defendant be committed to the custody of the Attorney General for a mental health evaluation and treatment, and further proceedings were stayed pending the competency hearing. (Doc. No. 28).

Defendant arrived at the Metropolitan Detention Center in Los Angeles (the "MDC") on or about October 20, 2005, and remained at that facility until early February, 2006. While at MDC, Defendant received mental health treatment, including psychotropic medication. At a hearing held on February 17, 2006, Magistrate Judge Medler determined that Defendant is currently competent to stand trial. Defendant has waived any pretrial motions, and is awaiting a trial setting.

A hearing on the issue of bond revocation was held on February 17, 2006, following the determination of Defendant's competency. Defendant was present and represented by her counsel. At the hearing Defendant, through her attorney, requested that Defendant be permitted to reside with her mother pending trial, now that she is receiving medication and more in control of her actions. The government, based in part on Defendant's history of non-compliance with mental health treatment, requested that Defendant's bond be revoked or, in the alternative, that she be subject to a program of home incarceration with electronic monitoring.

Pursuant to 18 U.S.C. § 3148(b), the court is directed to enter an order of revocation and detention if, following a hearing, the court

>(1) finds that there is –
>    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>    (B) clear and convincing evidence that the person has violated any other condition of release;
>    and
>(2) finds that –
>    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>    (B) the person is unlikely to abide by any condition or combination of conditions of release.

In this regard, "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b).

Assuming, for purposes of this motion, that Defendant did commit the violations that are set forth in the Petition, the Court notes that the circumstances are diferent from what they were at the time of the alleged violations, as since that time Defendant has received mental health treatment, including psychotropic medication, for almost four months. Defense counsel also reports to the Court that Defendant is currently compliant with her medications and appears to be in a much better mental state than at the time of the alleged violations. In light of this change in circumstances, the Court believes that there is a combination of conditions that will reasonably assure that Defendant will not

-3-

flee or pose a danger to the safety of any other person or the community, and further finds that she is likely to abide by the conditions of release.

Accordingly,

**IT IS HEREBY ORDERED** that the government's motion to revoke Defendant's bond be **DENIED**, subject to the modifications imposed by this Order. [Doc. No. 24].

**IT IS FURTHER ORDERED** that Defendant's bond be modified to provide that Defendant reside at her mother's residence at 210 Bentwood Ln., St. Peters, MO 63376. In addition to the conditions previously imposed, Defendant shall also participate in a program of home incarceration with electronic monitoring, and shall not be released from custody until the electronic monitoring is in place.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 17th day of February, 2006.